IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JUSTIN W. BARNES**                                                                            **PLAINTIFF**

**v.**                                                                           **Civil No. 2:22-cv-38-TBM-BWR**

**KILOLO KIJAKAZI,**                                                                            **DEFENDANT**
*Acting Commissioner of Social*
*Security Administration*

### REPORT AND RECOMMENDATION

Plaintiff Justin W. Barnes (Barnes), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security Administration denying his claim for Childhood Disability Benefits (CDB) under Title II of the Social Security Act, 42 U.S.C. § 423(d)(1)(A). Compl. [1]; Pl.'s Resp. [14]. Defendant Kilolo Kijakazi (Commissioner), Acting Commissioner of Social Security, filed a Brief [18] in Response requesting that the decision of the Commissioner be upheld. Having reviewed Plaintiff's submissions [1 & 14], the Commissioner's Brief [18], the administrative record [12], and the relevant law, it is recommended that the decision of the Commissioner be affirmed, and this case dismissed with prejudice.

I.  BACKGROUND

**1.     The first Administrative Law Judge (ALJ) decision**

Barnes has filed multiple applications for Title II CDB and Title XVI Supplemental Security Income Benefits (SSIB). Admin. R. [12] at 45, 101, 160, 167. Barnes filed his first set of applications on October 9, 2014. *Id.* at 45. These

1

applications led to an ALJ decision on December 2, 2016 denying Barnes CDB and SSIB. *Id.* at 45-53.

In the December 2, 2016 decision, the ALJ applied the five-step sequential analysis outlined in 20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and determined that Barnes was not disabled. *Id.* at 45-53. At step one, the ALJ found that Barnes had not engaged in substantial gainful activity after April 4, 2010, Barnes' alleged disability onset date. *Id.* at 48.

At step two, the ALJ found that Barnes had neither a severe physical nor mental impairment. *Id.* at 48-52. On physical impairments, the ALJ reviewed Barnes' complaints in the hearing preceding the ALJ's decision, the objective medical evidence, and the opinions of multiple physicians. *Id.* at 49-50. Barnes "vaguely" complained of "leg and arm difficulties" related to a car crash, "visual difficulties," "a speech deficit," back pain, difficulty getting "along with people," sleep difficulties, attention deficit hyperactivity disorder, and oppositional defiant disorder. *Id.* at 49. But there was "no objective medical evidence . . . from a regular treating source to establish a longitudinal history of serious, chronic physical difficulties during the relevant period under review." *Id.* And the ALJ noted that Barnes' alleged speech deficit "was not apparent from [Barnes'] presentation at the hearing" and that Barnes "did not allege any specific physical limitations at the hearing." *Id.*

Additionally, Consultive Physician Dr. A. Pasha's findings did "not establish any serious physical abnormalities." *Id.* at 50. State Agency reviewing physician Dr. Carol Kossman also found that Barnes did "not have a 'severe' physical impairment."

*Id.* Another State Agency reviewing physician, Dr. Karen Hulett, agreed with Dr. Kossman's opinion. *Id.* The ALJ gave Drs. Kossman and Hulett's opinions "significant weight" because "the objective medical evidence" supported both opinions. *Id.* Thus, citing *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), the ALJ found Barnes had no severe physical impairments. Admin. R. [12] at 50.

On mental impairments, the ALJ reviewed treatment records, medical evidence, the opinions of multiple doctors and a therapist, and Barnes' subjective complaints. *Id.* at 50-52. The ALJ began by stating that there was "no objective medical evidence from a regular mental health professional treating source to establish a longitudinal history of serious, chronic psychological difficulty." *Id.* Two consultive psychologists opined that Barnes malingered on their examinations. *Id.* at 51. Dr. Martha D'Ilio even listed "malingering" as her "diagnostic impression." *Id.* State Agency reviewing psychologist Dr. Janise Hinson also observed malingering on a consultive examination and IQ testing. *Id.* Post-hearing treatment notes did not "establish serious, chronic psychological difficulties" aside from Barnes' subjective complaints. *Id.* While Dr. Hinson found that Barnes had a personality disorder, she also advised that Barnes did not have a "'severe' psychological impairment." *Id.* The ALJ found that the "relevant evidence" supported Dr. Hinson's opinion and gave that opinion "significant weight." *Id.* Again, citing *Stone* and the above evidence, the ALJ found Barnes had no severe mental impairments. *Id.*; 752 F.2d 1099.

The ALJ also rejected multiple pieces of evidence in Barnes' favor and explained his rejections. Admin. R. [12] at 51-52. First, the ALJ noted that therapist

3

Tiffany Jones' 2011 "checklist assessment form" advising that Barnes "functions poorly in a number of areas" was unpersuasive. *Id.* The ALJ came to this conclusion because Jones was not a psychiatrist or psychologist, the assessment was "quite dated," and the assessment was inconsistent with the above evidence. *Id.* The ALJ also discounted State Agency reviewing psychologist Dr. Amy Hudson's assessments because they were "quite dated" and did not account for more current evidence. *Id.* at 52. Finally, the ALJ dismissed Barnes' subjective complaints because of their lack of objective support, their inconsistency with "the objective medical evidence," and because of Barnes' malingering. *Id.* The ALJ also stated that he "d[id] not believe that [Barnes] . . . testified in an honest manner at the hearing." *Id.*

Such analysis led the ALJ to conclude that Barnes was not disabled prior to April 3, 2014 (the day Barnes turned 22) at step three. *Id.* Barnes appealed this decision to the Social Security Administration Appeals Council (Council) and the Council denied Barnes' request for review. *Id.* at 58-60. Barnes did not appeal the Council's denial and the December 2, 2016 ALJ decision became final. *Id.* at 10.

**2.     The second ALJ decision**

Again Barnes filed applications for CDB and SSIB on November 18, 2019. *Id.* at 160, 167. In Barnes' November 18, 2019 applications, Barnes alleged a disability onset date of October 1, 2014. *Id.* at 101, 160, 167. Barnes also requested a hearing before an ALJ and that hearing was held on October 29, 2020. *Id.* at 101. Counsel represented Barnes at the hearing. *Id.* at 14-16, 101.

4

On June 8, 2021, the ALJ issued a hearing decision granting Barnes' application for CDB and SSIB. *Id.* at 106-07. Barnes was born on April 4, 1992. *Id.* at 160, 167. To receive CDB, Barnes must have been under 22 years old prior to his alleged disability onset date of October 1, 2014. *Id.* at 8-9, 101. Even though Barnes turned 22 on April 3, 2014, the ALJ incorrectly found that: "Born on April 4, 1992, [Barnes] had not attained age 22 as of October 1, 2014, the alleged onset date." *Id.* at 101.

On January 3, 2022, the Council re-opened the June 8, 2021 decision. *Id.* at 8, 153-57. The Council's review was limited to Barnes' application for CDB. *Id.* at 8. In its decision, the Council found the ALJ's finding that Barnes "had not yet attained age 22 as of October 1, 2014" clearly erroneous. *Id.* at 8-10. Therefore the Council found that the ALJ "erred in finding [Barnes] entitled to [CDB] based on the disability onset date of October 1, 2014." *Id.*

The Council then "considered whether disability could be established during the relevant period before" Barnes turned 22. *Id.* As part of this consideration, the Council conducted the five-step sequential analysis. *Id.* At step two, the Council found no support for Barnes "having a severe impairment or combination of impairments before he attained age 22, such that he cannot be found disabled before he attained age 22." *Id.* This led the Council to deny Barnes CDB on review. *Id.* at 9-10. The Council's step two finding was consistent with the December 2, 2016 ALJ decision denying Barnes CDB. *Id.* at 9, 45-53.

5

In closing, the Council observed that Barnes' November 18, 2019 CDB application contained no "new and material evidence . . . to support finding" Barnes disabled before he turned 22. *Id.* at 10. The Counsel then concluded that Barnes was not disabled for purposes of CDB because Barnes did "not allege[] or establish[] that he became disabled prior to" turning 22. *Id.*

In Barnes' submissions, Barnes argues that the Council erred in reversing the ALJ's June 8, 2021 decision awarding Barnes CDB. Compl. [1]; Pl.'s Resp. [14]; Order [15]. Barnes argues that his disability onset at the age of 5, not 22. Pl.'s Resp. [14] at 3. In opposition, the Commissioner highlights Barnes' alleged disability onset date of October 1, 2014 and argues that substantial evidence supports the final Council decision. Appellee's Br. [18] at 4-5. Barnes did not respond to the Commissioner's brief.

## II. DISCUSSION

**1. Standard of Review**

Judicial review in social security appeals is limited to two basic inquiries: (1) whether there is substantial evidence in the record to support the ALJ's decision; and (2) whether the decision comports with relevant legal standards. *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021); *Salmond v. Berryhill*, 892 F.3d 812, 816-17 (5th Cir. 2018). Evidence is substantial if "a reasonable mind would support the conclusion." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). There "must be more than a

scintilla, but it need not be a preponderance." *Id.* (quotation omitted) (quoting *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir.1995)).

On judicial review, this Court may not re-weigh the evidence, try the case *de novo*, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

**2.   Analysis**

The Council's reversal of the June 8, 2021 ALJ decision was correct. First, the Council had the authority to re-open the June 8, 2021 ALJ decision under 20 C.F.R. §§ 404.987(b), 404.988(b), and 404.989(a). 20 C.F.R. § 404.987(b) gives the Council the authority to re-open a final decision if a situation described in 20 C.F.R. § 404.988 is present. 20 C.F.R. § 404.988(b) explains that the Council may re-open a final decision "[w]ithin four years of the date of the notice of the initial determination if [it] find[s] good cause, as defined in § 404.989." 20 C.F.R. § 404.989(a)(3) states that "there is good cause to re-open a . . . decision if [t]he evidence that was considered in making the . . . decision clearly shows on its face that an error was made."

The "error" in the June 8, 2021 ALJ decision pertains to whether Barnes was 22 when his disability began. Admin. R. [12] at 8-10, 101. Barnes must have been 22 years old prior to the onset of his disability to receive CDB. *Id.*; 20 C.F.R. §§ 404.102, 416.120(c)(4), 404.350(a)(5). Barnes was born on April 4, 1992 and turned 22, under 20 C.F.R. § 404.2(c)(4),[1] on April 3, 2014. Admin. R. [12] at 8-10, 101. The June 8,

---

[1] 20 C.F.R. § 404.2(c)(4) states that "An individual attains a given age on the first moment of the day preceding the anniversary of his birth corresponding to such age."

7

2021 ALJ decision was incorrect in its finding that Barnes had not turned 22 by October 1, 2014, Barnes' alleged disability onset date. *Id.* Therefore the June 8, 2021 decision is incorrect in its finding that Barnes was entitled to CDB because Barnes was under 22 on his alleged disability onset date of October 1, 2014. The Council was correct to reverse that decision because of the ALJ's error and had the authority to do so. *Id.* at 8-10.

The only other potential issue is whether the Council's reversal is correct to the extent that it is consistent with the December 2, 2016 ALJ decision on the Council's finding that Barnes was not disabled before he turned 22 on April 3, 2014. *Id.* at 9-10. The Council ruled consistently with the December 2, 2016 ALJ decision and denied Barnes CDB. In the December 2, 2016 ALJ decision, the ALJ found that Barnes was not disabled prior to Barnes' 22nd birthday. *Id.* at 9, 48-52. The Council's alignment with the December 2, 2016 ALJ decision would only be improper if substantial evidence did not support that decision or if that decision did not comport with relevant legal standards. *Webster*, 19 F.4th at 718; *Salmond*, 892 F.3d at 816. Since Barnes does not contest any use of legal standards, the Court assumes that Barnes is challenging the December 2, 2016 decision and the Council's decision at issue under the substantial evidence standard.

Substantial evidence supports both decisions finding that Barnes had no severe impairments and therefore no disability prior to turning 22. A severe impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R.

§ 404.1520(c). In *Stone*, the Fifth Circuit Court of Appeals explained that an "impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." 752 F.2d at 1101. Accordingly, to establish a severe impairment, Plaintiff need only make a "de minimis" showing that his impairment is severe enough to interfere with his ability to do work. *Anthony v. Sullivan*, 954 F.2d 289, 294 n.5 (5th Cir. 1992). However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

As part of the ALJ's step two severity analysis in the December 2, 2016 opinion, the ALJ reviewed "objective medical evidence," Barnes' subjective complaints, treatment records, and the opinions of multiple doctors. Admin. R. [12] at 48-52. The ALJ summarized and weighed each piece of evidence. *Id.* The ALJ explained why he accepted some evidence and rejected other evidence. *Id.* In the absence of any specific objection to the Council's decision or the December 2, 2016 ALJ decision finding Barnes not disabled before turning 22,[2] substantial evidence supports both.

Even if there were some issue with the December 2, 2016 ALJ decision, the Council correctly pointed out that there was no evidence before the Council for it to find Barnes disabled prior to turning 22. *Id.* at 10. In Barnes' November 18, 2019

---

[2] Barnes does not cite any caselaw in his submissions to the Court. Compl. [1]; Pl.'s Resp. [14]. Barnes' only argument is that he became disabled at the age of 5. Pl.'s Resp. [14]. However, Barnes does not support this argument with caselaw or documentary evidence. Compl. [1]; Pl.'s Resp. [14].

9

CDB application, which ultimately led to the Council's decision at issue, he did not allege a disability onset date before his 22nd birthday. *Id.*

## III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends dismissing Barnes' Complaint [1], affirming the Acting Commissioner's decision and dismissing this case with prejudice.

## IV. NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 4th day of October 2023.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE